Laconia Municipal Court,
No. 5140.

STATE *v.* ALTON J. TURNER.

Argued June 5, 1963.
Decided July 9, 1963.
Former result affirmed August 5, 1963.

*William Maynard,* Attorney General and *William J. O'Neil,* Assistant Attorney General (*Mr. O'Neil* orally), for the State.

*Nighswander, Lord & Bownes* and *Willard G. Martin,* for the respondent.

DUNCAN, J.  The State, by brief and argument, takes the position that a plea of not guilty by reason of insanity may be entered whether the offense charged is a misdemeanor or a felony (see RSA 607:2; *State* v. *Forcier,* 95 N. H. 341); but that jurisdiction to commit a respondent in case the plea is accepted by State's counsel or found true by jury verdict is not vested in the municipal court.  RSA 607:3 (supp).  Counsel for the respondent have waived brief and argument, and concur in the position taken by the State in its brief.

RSA 607:1, 2, and 3 (supp) provide as follows: 1. "CERTIFICATE OF JURY.  Whenever the grand jury shall omit to find an indictment against a person, for the reason of insanity or mental derangement, or a person prosecuted for an offense shall be acquitted by the petit jury for the same reason, such jury shall certify the same to the court."

2. "PLEA OF INSANITY.  Any person prosecuted for an offense may plead that he is not guilty by reason of insanity or mental derangement, and such plea may be accepted by the state's counsel, or may be found true by the verdict of the jury."

3. "COMMITTAL.  In either of the cases aforesaid the court, if it is of opinion that it will be dangerous that such person should go at large, may commit him to the prison or to state hospital for life until or unless earlier discharged, released, or transferred by due course of law."

The statutory references to action by a grand or petit jury found in sections 1 and 2 suggest that the "court" referred to in section 3 (supp) is the Superior Court, where such juries are provided, even though the plea "not guilty by reason of insanity" is admissible in municipal court.  Additionally it may be noted that section 2 as originally enacted (Laws 1850, *c.* 962, *s.* 1) provided that any person "indicted" for any offense might enter such a plea.  In changing the word "indicted" to "prosecuted" in the revision of the statutes in 1867 (G.S., *c.* 244, *s.* 2) the commissioners intended a verbal change only, and not a change in substance.  Report of the Commissioners (1867) *c.* 245, *s.* 2. Since indictments are returned only in felony cases (RSA 601:1),

of which municipal courts have no jurisdiction (RSA 502:18; 592-A:3, 6 (supp)) it is evident that RSA 607:3 (supp) does not confer upon a municipal court authority to commit a respondent to State Prison or to the State Hospital.

We hold, in answer to the first question certified to us, that the municipal court does not have the power to commit the respondent under RSA 607:3 (supp), the authority conferred thereby being vested in the Superior Court only.

Since the municipal court considered there were reasonable grounds to believe it dangerous for the respondent to go at large, and yet was without jurisdiction to proceed to any final disposition of the complaints other than by acquittal by reason of insanity, the second question certified, of the municipal court's authority to transfer the actions to the Superior Court in advance of any finding as to guilt, is logically presented. This is the course advocated by the State in these cases, a view in which the respondent acquiesces and concurs. While no statutory authority for such procedure is cited, an analogy is presented in the transfer of juvenile cases involving offenses which would constitute a felony. *In re Perham,* 104 N. H. 276; RSA 169:23. And see RSA 592-A:4 (supp).

We are of the opinion that the second question need not be answered as we think that the more practical procedure will be for the county attorney to institute as an alternative, new proceedings in the Superior Court by information. The Superior Court is authorized to commit the respondent to the State Hospital for observation (RSA 135:17), as well as to commit him to the Hospital or Prison in case his plea is accepted by the State's counsel, or found true by jury verdict. RSA 607:2, 3 (supp), *supra.* See Weihofen, Mental Disorder as a Criminal Defense 369-370 (1954).

*Remanded.*

All concurred.

After the foregoing opinion was filed, the State moved for rehearing, or in the alternative for clarification of the opinion. The defendant joined in the motion.

*William Maynard,* Attorney General and *William J. O'Neil,* Assistant Attorney General, for the State.

*Nighswander, Lord & Bownes* and *Willard G. Martin* for the defendant.

DUNCAN, J. The motion relates to the procedure suggested by the opinion by which new proceedings would be instituted by information filed in the Superior Court following a plea of not guilty by reason of insanity in the municipal court. The State "envisions countless problems" arising out of such procedure, because of a misapprehension that "once the plea" is made, "the municipal court lacks jurisdiction . . . and inasmuch as the complaint and warrant have no further legal effect, the defendant would be free to return to society."

No such implication is intended. While the municipal court lacks power to order committal under RSA 607:3, its jurisdiction over the pending complaint is in no respect affected. If evidence in support of the plea satisfies the municipal court, as it did in this case, that there is "reasonable foundation for . . . the plea" and "grounds to believe that it would be dangerous if the defendant should go free" then the municipal court may order continuance for a reasonable period in order to permit the filing of an information in the Superior Court. If an information is filed, the complaint may thereafter be dismissed by the municipal court. If no information is filed, that court may proceed to dispose of the issues properly before it upon the pending complaint and plea.

The possibility that the plea may be "frivolous" and without foundation, as suggested by the State, appears to us to pose no serious problem. If the municipal court, upon hearing, finds it to be without foundation, then it may proceed to determine the defendant's innocence or guilt upon the basis of the evidence, subject to appeal to the Superior Court from any finding of guilty. In such case no occasion will arise to seek an information as proposed by the foregoing opinion.

If reasonable foundation for the plea does appear, the question of whether or not the municipal court shall admit the defendant to bail (RSA 597:1, 4, 6) pending continuance for determination by the county attorney as to whether an information shall be filed, will depend upon the municipal court's exercise of its

discretion, in the light of the evidence that it will be dangerous for the defendant to go at large.

*Former result affirmed.*

All concurred.
August 5, 1963.